UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
UNITED STATES OF AMERICA, :
: **ORDER**
Plaintiff, :
: 14-CR-556 (WFK)
-against- :
:
GENARRO BRUNO, :
:
Defendant. :
:
-----------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge**

On February 23, 2015, Defendant Genarro Bruno ("Defendant") filed a motion for bond and for reconsideration of Magistrate Judge Go's detention order of November 14, 2014. For the reasons discussed below, Defendant's motion is DENIED.

## FACTUAL BACKGROUND

On October 16, 2014, Defendant was indicted on fifteen counts in a sealed indictment filed with the Court. Dkt. 1 ("Indictment"). The indictment charges Defendant with:

(1) Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d); 1963 and 3551 *et seq.*;

(2) Racketeering in violation of 18 U.S.C. §1961(1) and (5); 18 U.S.C. § 1962(c), 1963, 2, and 3551 *et seq.*;

(3) Conspiracy to Import Marijuana in violation of 21 U.S.C. § 963 and 960(b)(1)(G); 18 U.S.C. § 3551 *et seq.*;

(4) Conspiracy to Distribute Marijuana in violation of 21 U.S.C. § 841(a); 21 U.S.C. § 846 and 841(b)(1)(A)(vii); 18 U.S.C. § 3551 *et seq.*;

1

(5) Using, Carrying and Possessing a Firearm in violation of 18 U.S.C. § 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 *et seq.*;

(6) Causing Death Through Use of a Firearm in violation of 18 U.S.C. § 924(j)(1), 2 and 3551 *et seq.*;

(7) Murder in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(1), 2 and 3551 *et seq.*;

(8) Murder While Engaged in Narcotics Trafficking in violation of 21 U.S.C. § 848(e)(1)(A); 18 U.S.C. § 2 and 3551 *et seq.*

(9) Conspiracy to Murder While Engaged in Narcotics Trafficking in violation of 21 U.S.C. § 846; 18 U.S.C. § 3551 *et seq.*;

(10) Conspiracy to Prevent Testimony in violation of 18 U.S.C. § 1512(k) and 3551 *et seq.*;

(11) Attempt to Prevent Testimony in violation of 18 U.S.C. § 1512(b)(1), 2 and 3551 *et seq.*;

(12) Conspiracy to Prevent Communication of Information to a Law Enforcement Officer in violation of 18 U.S.C. § 1512(k) and 3551 *et seq.*;

(13) Attempt to Prevent Communication of Information to a Law Enforcement Officer in violation of 18 U.S.C. § 1512(b)(3), 2 and 3551 *et seq.*;

(14) Conspiracy to Obstruct an Official Proceeding in violation of 18 U.S.C. § 1512(k) and 3551 *et seq.*; and

(15) Attempt to Obstruct an Official Proceeding in violation of 18 U.S.C. § 1512(c)(2), 2 and 3551 *et seq.*

Additionally, there are criminal forfeiture allegations as to Counts One and Two; Five and Six; Three, Four, Eight, and Nine; and Ten through Fifteen. *Id.*

Defendant is described in that indictment as an associate of the "Corozzo Faction within the Gambino organized crime family of La Cosa Nostra," and as having been a "member of the

'Young Guns' crew in the 1990s" before becoming an associate. *Id.* at 1, 7. The conduct for which Defendant was indicted is alleged to have occurred during various periods of time between 2000 and October 2014. *Id.* at 7-23.

On November 14, 2014, following Defendant's transfer from the District of Nevada, Defendant was ordered detained by Magistrate Judge Go. Dkt. 10 ("Order of Detention"). Magistrate Go found that Defendant should be detained pending trial, and not granted bail, because there was "probable cause to believe that the [D]efendant has committed an offense for which a maximum terms of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841," "probable cause to believe that the [D]efendant has committed an offense under 18 U.S.C. § 924(c)," and that Defendant did not "rebut[] the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community." *Id.* Magistrate Judge Go also noted that "[D]efendant presented no credible sureties to assure his appearance but leave is granted to reopen and present a bail package in the future." *Id.* In her handwritten notes, Magistrate Judge Go further noted that there was no bail package presented and that the Defendant has a lengthy criminal history. *Id.*

In the intervening period, the Government and Defendant have begun discovery following this Court's entering a protective order on November 18, 2014. Dkt. 8 ("Protective Order"). In addition, the Government has indicated that it will not seek the death penalty and so no *Curcio* hearing has been or will be held in this matter. Dkt. 20 ("Letter Advising Court as to Death Penalty"), 21 ("Motion to Relieve Learned Counsel").

## LEGAL STANDARD

The Eighth Amendment to the Constitution states that "[e]xcessive bail shall not be required." U.S. Const. amend. VIII. The Bail Reform Act ("Bail Act"), 18 U.S.C. § 3141 *et seq.*, sets out the standard under which a defendant can be held without bail pursuant to a criminal indictment. It "requires a court to order the pre-trial release of a defendant on a personal recognizance bond 'unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'" *United States v. Huzinec*, 15-MJ-2043, 2015 WL 506422, at *2 (W.D.N.Y. Feb. 6, 2015) (Scott, M.J.) (internal citation omitted). Only if there is "no condition or combination or conditions [that] will reasonably assure the appearance of the [defendant] and the safety" of others should the Court order detention. *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007) (describing the legal standard under the Bail Act in the Second Circuit). There is, however, no statutory limit on the length of pre-trial detention under the Bail Act. *See United States v. Lewis*, 5 F. Supp. 3d 515, 526 (S.D.N.Y. 2014) (Hellerstein, J.) (citing *United States v. Orena*, 986 F.2d 628, 630 (2d Cir. 1993)).

The central inquiry to be performed by the Court is to determine whether the defendant is a flight risk or a danger to any other person or to the community at large. The Government must support a finding of dangerousness by clear and convincing evidence, *see United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995), and must support a finding of risk of flight by a preponderance of the evidence, *see United States v. Jackson*, 823 F.2d 4, 5 (2d Cir. 1987). However, evidence may be supplied through proffers and hearsay information, and the Federal Rules of Evidence do not apply. *See Ferranti*, 66 F.3d at 542; Fed. R. Evid. 1101(d)(3). A defendant thus may be incarcerated pending trial without the many constitutional and evidentiary

4

protections normally guaranteed to those who are to be punished pursuant to judicial proceedings. Indeed, because detention pending trial is considered "regulatory rather than punitive," the decision to detain a defendant pending trial "does not require proof of a threat beyond a reasonable doubt, is not subject to Sixth Amendment jury guarantees, and does not provide for the defendant's right to confront and cross-examine witnesses." *United States v. Choudhry*, 941 F. Supp. 2d 347, 350 (E.D.N.Y. 2013) (Kuntz, J.) (citing *United States v. Gallo*, 653 F. Supp. 320, 334 (E.D.N.Y. 1986) (Weinstein, J.)). Nonetheless, mindful of the due process considerations attendant to any form of detention, "[t]he power to incarcerate before trial 'must be exercised with circumspection. It may be invoked only when and to the extent justified by danger which the defendant's conduct presents.'" *Id.* (citing *Gallo*, 653 F. Supp. at 332).

The Bail Act provides a list of four factors for the Court to consider in making the determination as to whether a defendant is a flight risk or a danger to any person or to the community, stating in pertinent part:

> **(g) Factors to be considered.**--The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . or involves . . . a controlled substance, firearm, explosive, or destructive device;
>
> **(2)** the weight of the evidence against the person;
>
> **(3)** the history and characteristics of the person, including—
>
>> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142 (g).

In addressing the Bail Act factors, the Second Circuit has noted that a "serious risk of obstruction of justice may qualify as a danger to the community." *United States v. LaFontaine*, 210 F.3d 125, 134-35 (2d Cir. 2000). Further, the Court may consider uncharged conduct in assessing the degree of danger posed by a defendant's release. *See United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991) (reversing release and ordering detention while rejecting "requirement that the violent conduct . . . be connected to the activity charged in the indictment"); *United States v. Barone*, 387 F. App'x 88, 90 (2d Cir. 2010) (affirming detention order based, in part, on uncharged crimes).

After the Court determines that the Government has met its burden of proof with respect to these determinations, the Court must then assess whether there is a "condition or combination of conditions" that could be imposed which would ensure the defendant's presence in Court and the safety of the community and others. 18 U.S.C. § 3142; *see also United States v. Romero*, 13-CR-83S, 2014 WL 6674716, at *3 (W.D.N.Y. Nov. 25, 2014) (Scott, M.J.).

The Bail Act describes certain circumstances under which the Court can presume that "no condition or combination of conditions" will ensure the defendant's return and the safety of the community, and defines whether that presumption is rebuttable. The statute states in pertinent part:

> **(e) Detention.--(1)** If, after a hearing . . . , the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required

and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.

. . .

> **(3)** Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed—
>
> **(A)** an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), [or] the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.) . . . [or]
>
> **(B)** an offense under section 924(c) . . . of this title[.]

18 U.S.C. § 3142 (e).

A defendant indicted for any of the crimes listed in 18 U.S.C. § 3142(e)(3) is automatically subject to the rebuttable presumption because "an indictment returned by a grand jury establishes probable cause." *United States v. Contreras*, 776 F.2d 51, 55 (2d Cir. 1985). At that point, the burden of rebutting the presumption then falls on the defendant. *See e.g., United States v. Parker*, 14-CR-6045, 2014 WL 7049343, at *4 (W.D.N.Y. Dec, 15, 2014) (Wolford, J.) ("Once the presumption arises, the ball is in the defendant's court, and it is incumbent on the defendant to come forward with some evidence to rebut the presumption.") (internal citation omitted). Nonetheless, "that presumption does not disappear once the defendant has produced some rebuttal evidence, but continues to be weighed along with other factors." *LaFontaine*, 210 F.3d at 130.

## ANALYSIS

### Four Factors of 18 U.S.C. § 3142(g)

The Court will first address the four factors under 18 U.S.C. § 3142(g) to determine whether the Government has met its burden to prove that the Defendant is a risk of flight by a preponderance of the evidence, or that the Defendant is a danger to the community by clear and

convincing evidence, or both by their respective standards. *Ferranti*, 66 F.3d at 542; *Jackson*, 823 F.2d at 5.

1. **Nature and Circumstances of the Offense Charged**:

The nature and circumstances of the many offenses for which Defendant was indicted all weigh in favor of a finding that Defendant is a danger to the community. Defendant is charged with fifteen different criminal counts, two of which are murder charges, plus one count of causing death through use of a firearm and one count of conspiracy to commit murder. This indicates that at least four of the fifteen counts are "crime[s] of violence" under the Bail Act, which weighs strongly against granting bail. 18 U.S.C. § 3142(g)(1); *see United States v. Green*, 12-CR-83S, 2014 WL 2573325, at *2 (W.D.N.Y. June 9, 2014) (Scott, M.J.) (noting that denial of bail was appropriate where Defendant faced one serious count of conspiracy involving murder).

Additionally, two of the charges (Counts Five and Six) directly relate to the use of a firearm, which weighs against granting bail under the Bail Act. 18 U.S.C. § 3142(g)(1). Further, because Defendant is a felon (he served three years in prison from 1997-2000 and a separate 130-month term in the Southern District of Florida from 2003-2013, *see* Indictment at 7; Dkt. 24 ("Motion for Bond") at 1-2), his mere possession of a firearm, much less use of it, could also be considered a crime of violence under the Bail Act. *See United States v. Morgan*, 12-CR-223, 2014 WL 2465278, at *2 (S.D.N.Y. May 12, 2014) (Marrero, J.) ("In *United States v. Dillard*, 214 F.3d 88 (2d Cir. 2000), the Second Circuit held that being a felon in possession of a firearm is a 'crime of violence' under the Bail Reform Act.").

Moreover, five of the counts involve a narcotic (Counts One (Marijuana and Valium), Three (Marijuana), Four (Marijuana), Eight (Unspecified), and Nine (Unspecified)). The involvement of a "controlled substance" in the criminal activity weighs against granting bail under the Bail Act. 18 U.S.C. § 3142(g)(1).

Lastly, the overarching nature of the crimes charged is that of a large, well-organized, violent criminal enterprise. Indictment at 1-7. All together, the nature and circumstances of the crimes charged strongly support a finding that Defendant is a danger to the community.

### 2. Weight of Evidence Against the Person Charged

"When evidence of a defendant's guilt is strong, and when the sentence of imprisonment upon conviction is likely to be long . . . a defendant has stronger motives to flee." *United States v. Iverson*, 14-CR-197, 2014 WL 5819815, at *4 (W.D.N.Y. Nov. 10, 2014) (Arcara, J.) (internal citation omitted). Defendant is currently facing a possible sentence of life in prison. *See United States v. Fama*, 13-CR-234, 2013 WL 2467985, at *4 (S.D.N.Y. June 3, 2013) (Keenan, J.) (discussing defendant's possible life sentence as a factor to consider in assessing risk of flight). As such, he has every incentive to flee, or in the alternative, to do as much damage as he can before his possible incarceration. Although Defendant argues that the weight of the evidence against him cannot be strong as he was incarcerated from early 2003 until late 2013 in the Southern District of Florida, *see* Motion for Bond at 1, it does not necessarily follow that Defendant was not involved in the alleged conspiracy during that time. Based on the evidence before the Court, this factor also weighs in favor of detaining Defendant.

### 3. History and Characteristics of the Defendant

Defendant has an extensive criminal history, which has resulted in him spending fourteen of the past eighteen years incarcerated or in detention pending trial. He spent approximately three years in prison from 1997 to 2000, *see* Indictment at 7, and he spent an additional 130-months incarcerated in the Southern District of Florida from early 2003 to late 2013, *see* Motion for Bond at 1-2. In addition, he is alleged to be an associate of a prominent, financially well-off, and very dangerous crime family. Indictment at 7. While Defendant apparently managed to avoid trouble between his release in the fall of 2013 and his arrest on this indictment in late 2014, during which time he worked as a limousine drive, *see* Motion for Bond at 2, this is insufficient to counter-balance his criminal history. Additionally, Defendant's alleged ties to a large criminal syndicate indicate that he has strong connections to people who have the resources to, ability to, and interest in helping him flee the jurisdiction. Therefore, the evidence before the Court strongly weighs in favor of denying bail as Defendant is both a serious flight risk and a danger to the community.

### 4. The Nature and Seriousness of the Danger to Any Person or the Community That Would Be Posed By the Defendant's Release

The Defendant is charged with multiple counts of obstruction of justice (Counts Ten through Fifteen) which weighs in favor of a finding that he is a danger to the community. *See LaFontaine*, 210 F.3d at 134-35. Additionally, the Defendant's ability to possess a firearm as a felon, and his charged use of that firearm to commit acts of violence, also suggests that it would be appropriate to detain him in light of the danger he poses to the community. *See Morgan*, 2014 WL 2465278, at *3 (citing *Dillard*, 214 F.3d

at 93). Further, Defendant's indictment on an extensive list of violent crimes, gun crimes, and drug crimes, as well as his ties to a major crime syndicate, and his alleged ability to conduct criminal activities while incarcerated, all suggest that he would be a serious danger to the community if released. *Cf. United States v. Valerio*, 9 F. Supp. 3d 283, 289 (E.D.N.Y. 2014) (Bianco, J.) (finding that the wide range of defendant's charged violent conduct suggested that it would be difficult to monitor him were he to be released on bail).

Even if Defendant had the financial capacity to replicate a private jail within his own home, this Court is not convinced that such a set of conditions would be sufficiently effective in this case to protect the community from Defendant, or that such disparate treatment based on wealth is permissible under the Bail Act. *See Valerio*, 9 F. Supp. 3d at 292-96 (discussing debate around extraordinary bond conditions for those who can afford them under the Bail Act).

Overall, based on the four factors set out in the Bail Act, the Court finds that the Government has met its burden of persuasion on both the issue of whether the Defendant is a flight risk, to a preponderance of the evidence, and the issue of whether the Defendant is a danger to the community or to others, by clear and convincing evidence.

**Presumption Against the Defendant under 18 U.S.C. § 3142 (e)(3)**

As the Government has met its initial burden, the Court must now determine if there is a condition or set of conditions that could be imposed on the Defendant which would protect the community and ensure his appearance in Court in accordance with the Bail Act.

Defendant is subject to the rebuttable presumption against the existence of a "condition or combination of conditions" that will ensure his return and the safety of the community because of the nature of the crimes for which he has been indicted. 18 U.S.C. § 3142(e)(3). Defendant is charged with multiple counts that qualify as "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), [or] the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.)" or as "an offense under section 924(c) . . . of this title[.]," namely, counts One, Three, Four, Five, Eight, and Nine of the Indictment. 18 U.S.C. § 3142(g).

Defendant attempts to rebut this presumption by focusing on the fact that he lived and worked as a limousine driver in the relevant community without incident between his release from prison in the fall of 2013 and his arrest in Nevada in October, 2014. Motion for Bond at 2. Defendant proposes that a large monetary bond secured by his parents' house would be a sufficient condition to protect the community and ensure his return to Court. *Id.* While the Court appreciates and commends Defendant's parents' willingness to risk the very roof over their head for their son, given the severity of the crimes charged, Defendant's extensive criminal history, his alleged ties to a violent criminal syndicate, and his alleged ability to engage in criminal activities while incarcerated, Defendant's showings are insufficient to rebut the presumption that there is no condition or set of conditions that will ensure his return to Court and protect the safety of the community and others.

## CONCLUSION

Accordingly, Defendant's motion for bond is DENIED. Defendant will be detained pending trial or another final disposition of this action.

SO ORDERED,

s/WFK

_____
HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: February 27, 2015
　　　　Brooklyn, New York